IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KILIPATRICK TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-01241-JKP |
| | § | |
| vs. | § | |
| | § | |
| 187TH DISTRICT COURT, BEXAR | § | |
| COUNTY;  ARRESTING OFFICER, | § | |
| STATE TROOPER, AGENCY OF | § | |
| TEXAS; AND  ARRESTING OFFICER, | § | |
| BEXAR COUNTY, TEXAS, | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).  By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement.

## **I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is employed but does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant Plaintiff's Motion to Proceed IFP.

Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint names three Defendants—the 187th District Court of Bexar County and two unnamed arresting officers (one a State Trooper and the other a Bexar County officer from the Bexar County Jail).  (Compl. [#1-1], at 1.)  Plaintiff's Complaint alleges that the Bexar County Court (and specifically Judge Stephanie Boyd) violated his constitutional rights by denying his motion to dismiss his counsel and by rejecting his motion for discovery of police body camera

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

videos in an attempt to locate personal property he had in his possession at the time of his arrest that has yet to be returned to him.  (*Id.* at 6.)  Plaintiff's claims against the unnamed arresting officers also concern this personal property.  (*Id.* at 7.)

Plaintiff's proposed Complaint, as currently drafted, fails to state a claim upon which relief could be granted.  Plaintiff's allegations against the Bexar County Court and Judge Boyd are barred by the judicial immunity doctrine.  Plaintiff attempts to challenge various orders of the Court and legal decisions of Judge Boyd in his criminal case.  Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity is not overcome by allegations of bad faith or malice.  *Id.*  Because Plaintiff's Complaint attempts to sue Judge Boyd for acts taken in her judicial capacity, Plaintiff's claims against the Bexar County Court and Judge Boyd should be dismissed.

As to Plaintiff's claims against the unnamed arresting officers seeking the return of his property, Plaintiff has not established that the Court has jurisdiction over these claims.  First, the way Plaintiff's Complaint is worded, it appears his criminal proceedings in state court are ongoing and that there are mechanisms for him to request the return of his seized property in state court.  Therefore, assuming Plaintiff could state a constitutional claim against these officers or the Bexar County Jail for failure to return his personal property, this Court likely lacks jurisdiction over these claims under the *Younger* abstention doctrine.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.  *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th

Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Accordingly, Plaintiff's claim related to his arrest in underlying state court proceedings could implicate *Younger* if the criminal proceedings are ongoing.  The Court will therefore give Plaintiff the opportunity to file a More Definite Statement regarding his claims against the officers before recommending dismissal pursuant to 28 U.S.C. § 1915(e).

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  Service upon Defendants should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that on or before **December 9, 2022**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should include the following information:

- Please provide the Court with the status of your criminal proceedings in Bexar County Court, including the case number.  Are the proceedings ongoing?

- You allege that your constitutional rights were violated by Defendants' failure to return personal property seized at your arrest.  What have you been told regarding the property?  Was it lost, misplaced?  Or do you believe there is just a delay in returning it to you?

Plaintiff shall include the following declaration at the end of his more definite statement:

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this ____ day of _____2022.

_____

Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 18th day of November, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE