IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KILIPATRICK TAYLOR, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-01241-JKP |
| | § | |
| vs. | § | |
| | § | |
| 187TH DISTRICT COURT, BEXAR | § | |
| COUNTY;  ARRESTING OFFICER, | § | |
| STATE TROOPER, AGENCY OF | § | |
| TEXAS; AND  ARRESTING OFFICER, | § | |
| BEXAR COUNTY, TEXAS, | § | |
| | § | |
| *Defendants.* | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court is the above-styled cause of action.  On November 18, 2022, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered the docketing of Plaintiff's Complaint [#4].  However, the Court withheld service pending the filing of a More Definite Statement regarding the claims Plaintiff is attempting to bring through this suit.  On November 28, 2022, Plaintiff filed an Amended Complaint [#6] to address the Court's jurisdictional and factual concerns about his claims.  The Court now undertakes a review of Plaintiff's pleadings pursuant to 28 U.S.C. § 1915(e).  The undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends that Plaintiff's case be dismissed pursuant to Section 1915(e).

# I.  Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact."  *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  This court is "vested with especially broad discretion" in making the determination of whether an IFP proceeding is frivolous or fails to state a claim. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's proposed Complaint names three Defendants—the 187th District Court of Bexar County and two unnamed arresting officers (one a State Trooper and the other a Bexar County officer from the Bexar County Jail).  (Compl. [#4], at 1.)  The Amended Complaint also names the Bexar County, Texas Jail.  (Am. Compl. [#6], at 1.)  Plaintiff's pleadings, taken together, allege that the Bexar County Court (and specifically Judge Stephanie Boyd) violated his constitutional rights by denying his motion to dismiss his counsel and by rejecting his motion for discovery of police body camera videos in an attempt to locate personal property he had in his possession at the time of his arrest that has yet to be returned to him.  (Compl. [#4], at 6.) Plaintiff asks the Court to supervise the state court proceedings and rulings to ensure that there is no corruption occurring.  (Am. Compl. [#6], at 2.)

Plaintiff's claims against the unnamed arresting officers and Bexar County jail also concern this personal property.  (Compl. [#4], at 7; Am. Compl. [#6], at 3.)  Plaintiff contends that his personal property, specifically his birth certificate, social security card, earphones, and other legal personal documents, were taken during his arrest, and the jail has not responded to his attempts to secure the property post-release.  (Am. Compl. [#6], at 3–4.)  Without this property, Plaintiff has experienced difficulties obtaining employment and a bank account, and making other economic progress.  (*Id.* at 6.)  Plaintiff seeks damages in the amount of $37,000 for the lost property.  (*Id.* at 5.)

## A.   Claims against Bexar County Court and Judge Boyd

Plaintiff's claims against the Bexar County Court and Judge Boyd are barred by the judicial immunity doctrine.  Plaintiff attempts to challenge various orders of the Court and legal decisions of Judge Boyd in his criminal case.  Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  This immunity is not overcome by allegations of bad faith or malice.  *Id.*  Because Plaintiff's pleadings attempt to sue Judge Boyd for acts taken in her judicial capacity, Plaintiff's claims against the Bexar County Court and Judge Boyd should be dismissed.

## B.   Claims against Arresting Officers and Bexar County Jail

As to Plaintiff's claims against the unnamed arresting officers and the Bexar County Jail seeking the return of his property, Plaintiff has not established that the Court has jurisdiction over these claims.  There is a mechanism to recover property seized and held by **federal** law enforcement officials—Rule 41(g).  Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in

which the property was seized for the return of the property on the ground
that such person is entitled to lawful possession of the property.

Fed. R. Crim. P. 41(g).  "If a motion for return of property is made while a criminal prosecution
is pending, the burden is on the movant to show that he or she is entitled to the property." *United
States v. Oduu*, 564 Fed. App'x 127, 130 (5th Cir. 2014) (quoting *United States v. Chambers*,
192 F.3d 374, 377 (3d Cir. 1999)).  Where criminal proceedings have concluded, a Rule 41(g)
motion for return of property should be construed as a civil equitable action.  *See Bailey v.
United States*, 508 F.3d 736, 738 (5th Cir. 2007); *see also United States v. Robinson*, 78 F.3d
172, 174 (5th Cir. 1996) (treating pro se litigant's Rule 41(e), now Rule 41(g), motion as a civil
complaint and the district court's denial of that motion as a summary judgment in favor of the
government).

However, when property is seized and held by **local** law enforcement officials, as here,
and not by federal officials, a federal court generally lacks subject matter jurisdiction over a
motion to return such property.  *See United States v. Copeman*, 458 F.3d 1070, 1071–73 (10th
Cir. 2007); *see also Reyna v. United States*, 180 Fed. App'x 495, 496 (5th Cir. 2006) (explaining
that Rule 41(g) is applicable only to property in the possession of the federal government, not
property seized and held by state authorities).  Relief under Rule 41(g) is unavailable if the
litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied.
*See Industrias Cardoen, LTDA v. United States*, 983 F.2d 49, 51–52 (5th Cir. 1993); *Richey v.
Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975).  Where the property was seized by state
authorities, "state avenues of relief" are available to the movant to recover the property and
therefore jurisdiction is lacking in federal court.  *Copeman*, 458 F.3d at 1073 (quoting *Clymore
v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).

However, "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities." *Id.* (quoting *Clymore*, 164 F.3d at 571); *Valenzuela v. United States*, No. 3:15-cv-742-K-BN, 2016 WL 1130579, at *2 (N.D. Tex. Mar. 1, 2016). When property is seized by state officials, a movant can invoke Rule 41(g) if: (1) federal authorities have actual possession of property, (2) federal authorities have constructive possession of the property that was considered evidence in the federal prosecution, or (3) the state officials acted at the direction of federal authorities when the property was seized. *Valenzuela*, 2016 WL 1130579, at *2; *see also United States v. Downs*, 22 Fed. App'x 961, 963 (10th Cir. 2001). If a movant seeking the return of property in custody of state officials fails to show one of these three circumstances, a Rule 41(g) motion must be dismissed for lack of jurisdiction rather than denied. *Downs*, 22 Fed. App'x at 963.

In this case, Plaintiff does not allege that federal authorities have actual or constructive possession of his property or that state officials seized his property at the direction of federal officials. Accordingly, Rule 41(g) is not an applicable procedural mechanism for recovering the seized property, and there are state avenues of relief available to Plaintiff. Moreover, even if Rule 41(g) governed here, Plaintiff could not recover damages. A Rule 41(g) motion only provides for the return of property in the possession of the Government. It does not authorize a court to award compensatory damages associated with the wrongful seizure or destruction of such property. *See Bertin v. United States*, 478 F.3d 489, 492 (2nd Cir. 2007); *Clymore*, 415 F.3d at 1120.

In summary, this Court lacks jurisdiction over Plaintiff's claims regarding the return of his seized property by local law enforcement. Plaintiff should file his motion in state court. If he

has already filed a motion, and the motion was denied, he should diligently pursue whatever appellate remedies are available.

## II.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned recommends that Plaintiff's claims be **DISMISSED** for failure to state a claim and for lack of jurisdiction pursuant to Section 1915(e).

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1428–29 (5th Cir. 1996) (en banc).

SIGNED this 13th day of December, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE